**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**
**CIVIL ACTION NO.: 05-205-DLB**

**RANDY CRAFT AND STEPHEN CHAD RHODES,**         **PLAINTIFFS,**

**V.**

**E.I. DUPONT DE NEMOURS AND COMPANY**          **DEFENDANT.**

**MEMORANDUM ORDER**

On June 27, 2006, the court granted in part defendant's motion to dismiss the plaintiffs' claims based upon plaintiffs' failure to timely respond to defendant's written discovery requests and failure to comply with the order of this court dated March 8, 2006.[1] According to defendant, plaintiffs were served with the requests on February 16, 2006. In response, plaintiffs flatly denied that they have been served with any discovery requests whatsoever. In reply, defendant filed the original certificate of service, noting that individual packets of written discovery for each of 247 plaintiffs were sent together in a single package. Since other plaintiffs timely served responses and counsel did not deny receipt of those requests, defendant argued that the above plaintiffs had failed to justify their own failure to serve responses.

The court agreed with defendant:

to the extent that counsel was clearly on notice as of the March 8, 2006 hearing that *all plaintiffs* were to provide basic responses to the defendant's written discovery requests, or the court would consider imposing a *Lone Pine* order. If counsel believed

---

[1] At the conclusion of a status conference held on March 8, 2006, the court directed all plaintiffs to respond to all outstanding discovery requests not later than March 31, 2006, and for defendants to analyze those responses and complete any follow-up written discovery not later than July 24, 2006.

that these two plaintiffs had not received copies of the requests, counsel should have perceived that the lack of receipt could only have been the result of some type of administrative error or failure of the U.S. Postal Service.

In its June 27 order, the court ordered Randy Craft and Stephen Chad Rhodes "to serve their responses to defendant's outstanding discovery requests **immediately**," and to

**show cause** in writing within fifteen (15) days as to why their cases should not be dismissed for failure to prosecute and pursuant to Rule 37, Fed. R. Civ. P. Plaintiffs' response shall include a statement verifying the date of service of their responses to defendant's outstanding discovery requests as well as a more complete explanation for their failure to earlier comply with this court's March 8, 2006 order.

To the extent that the court found "adequate cause to avoid dismissal," the court warned plaintiffs that it

may impose a monetary sanction against them under Rule 37 in the amount of defendant's expenses in drafting the motion for sanctions. The court may also re-examine imposing a *Lone Pine* order as to these plaintiffs. If no timely responses and explanation demonstrating cause are received, the court will recommend dismissal of plaintiffs' claims.

Plaintiffs have filed responses to the court's show cause order -supported by the affidavits of counsel and their staff -which again deny receipt of the discovery requests. Counsel notes that they represent approximately 39 of the 247 plaintiffs[2] and that counsel's administrative staff was unable to locate any requests directed to plaintiff Craft or to plaintiff Rhodes. The affidavit of counsel's paralegal, Tricia Middleton, specifically details discovery received from defendant pertaining to 37 plaintiffs (excluding Craft and Rhodes), bearing dates of service of July 29, 2005, August 29, 2005, December 14, 2005, and February 23, 2006.

In addition to filing responses to the "show cause" order, plaintiffs filed a "motion and

---

[2]Counsel's response states that they represent fewer than 37 plaintiffs, but counsel's paralegal states that they represent 39 plaintiffs.

memorandum" seeking to compel defendant to serve a copy of their discovery requests, and to pay plaintiffs' costs in filing the motion. According to plaintiffs, they sought a copy of the requests on June 28, 2006, immediately after receiving the court's "show cause" order, but initially received no response from defense counsel. Defense counsel counter that they electronically transmitted a copy of the requests to plaintiffs' counsel on June 28, notwithstanding that they previously served counsel with the requests on February 16, 2006. Defense counsel served an allegedly third copy of the requests on June 30, 2006.

In "reply...and withdraw of motion," plaintiffs acknowledge receipt of the requests on June 30 (the first, according to plaintiffs) and state that they will comply with the court's June 27, 2006 directive to serve their responses within fifteen days. Plaintiffs no longer seek an order compelling defendant to serve the requests and to pay plaintiff's costs.

Defendant continues to urge dismissal of both plaintiffs. Defendant notes that plaintiffs' counsel does not dispute having been served with 37 identical sets of written discovery requests on dates ranging from July 29, 2005 through February 23, 2006. Yet despite the court's March 7 status conference and subsequent order, and even in light of defendant's April 24 motion to dismiss, plaintiffs' counsel neglected to seek a copy of the discovery requests until after the court issued its June 27, 2006 order warning plaintiffs of the possibility of dismissal.

As previously stated in its June 27, 2006 Memorandum Order, the court concurs with defendant

> to the extent that counsel was clearly on notice as of the March 8, 2006 hearing that *all plaintiffs* were to provide basic responses to the defendant's written discovery requests, or the court would consider imposing a *Lone Pine* order. If counsel believed

3

that these two plaintiffs had not received copies of the requests, counsel should have perceived that the lack of receipt could only have been the result of some type of administrative error or failure of the U.S. Postal Service.

It is difficult to understand, given the identical nature of the 37 sets of requests acknowledged to have been received, the court's directive at the March 7, 2006 conference, and receipt of the defendant's April 24, 2006 motion to dismiss, how plaintiffs' counsel can continue to maintain that they were unaware of what discovery plaintiffs were to provide. To the extent that plaintiffs' counsel in good faith believed that these two plaintiffs had never been served with written requests, counsel were on notice not later than March 8 that they should seek out copies of the missing requests. On the other hand, it would have been prudent of defense counsel to immediately serve plaintiffs' counsel with copies of the requests once alerted to the fact that plaintiffs claimed not to be in receipt of them.

Because there appears to have been a breakdown in communication which is not the fault of the two individual plaintiffs but which instead is fairly attributed to counsel for both parties, and because answers to the discovery requests presumably have now been served, the court declines to sanction either plaintiffs or defendants. Accordingly, **IT IS ORDERED:**

1. No sanction will be assessed against plaintiffs for their tardy responses to defendant's written discovery requests;

2. Plaintiff's notice/motion withdrawing the motion seeking service of the requests [DE #15] is **granted**, and the motion seeking service of the requests [DE #13] is **denied**;

3. Pursuant to the court's March 8 order:

[A]n additional status conference in both the 1994 and 2005 cases will be conducted telephonically on **Friday, July 28, 2006 at 11:00 a.m.**, to be initiated by the court. **Unless notice is provided to the court that additional counsel wish to**

4

**participate, only those counsel who appeared at [the March 7, 2006] status conference will be telephonically contacted by the conference call operator to participate in the July 28 conference.** The purpose of the status conference will be to set additional deadlines for the conclusion of all fact and expert discovery, and to set limits as needed on the timing, scope, and number of depositions.

**If new counsel have entered an appearance in any of the referenced cases who were not present at the March 7, they must notify the court if they wish to participate in the July 28 conference call**;

4. Whenever a motion or pleading pertains to a discovery or pretrial matter which concerns all cases (either the 1995 or the 2004 litigation), the parties should continue to file that pleading in the respective lead case (Civil Case No. 04-191-DLB or 04-229-DLB) using the appropriate consolidated caption. However, to the extent that a pleading pertains **solely** to a specific case, the parties may file that specific pleading in the case to which it pertains.

This 18th day of July, 2006.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge